# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| TERRELL KINYON DAVIS | § | |
| VS. | § | CIVIL ACTION NO. 5:10cv37 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Terrell Kinyon Davis, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

On August 2, 2004, in the 354th Judicial District Court of Hunt County, Texas, following a jury trial, petitioner was convicted of aggravated kidnapping. Petitioner was sentenced to a term of forty-five years imprisonment in the Texas Department of Criminal Justice.

Petitioner brings this petition asserting that the trial court erred in admitting improperly obtained evidence and in denying his motion to suppress identification. Additionally, petitioner contends there is no evidence to support the affirmative finding of a deadly weapon.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Telford Unit in New Boston, Texas. However, petitioner was convicted and sentenced in Hunt County, Texas. Pursuant to 28 U.S.C § 124, Hunt County is in the Dallas Division of the Northern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Dallas Division of the Northern District of Texas and all records and witnesses involving this action may be located in the Northern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of Texas, Dallas Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this 29 day of April, 2010.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE